IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

KENITHA L. FERGUSON,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:18-00404

DAVIS WILSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation on April 26, 2019, in which he recommended that the court grant defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, ECF No. 95, dismiss plaintiff's Amended Complaint, ECF No. 12, and remove this case from the court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation ("PF&R").  The failure of any party to file such objections within the time allowed constitutes a

waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Neither party filed any objections to the Magistrate Judge's Findings and Recommendation within the requisite time period. However, on May 3, 2019, plaintiff filed a Motion to Add Evidence. ECF No. 103. The court will provide a brief background on the case, and then will address plaintiff's pending Motion, and will treat plaintiff's claims within the Motion as objections to the PF&R, where appropriate.[1]

## I. Background

On March 16, 2018, plaintiff, an inmate incarcerated at FPC Alderson and acting *pro se*, filed a Bivens action against prison officials, alleging that defendants were improperly denying her Residential Reentry Center ["RRC"] placement and refusing to provide her with adequate medical care in violation of the Eighth Amendment. ECF No. 7. Plaintiff later amended her Complaint, also alleging that defendants retaliated against plaintiff for filing administrative remedies in violation of the First Amendment, and that defendants acted with deliberate

---

[1] It is likely that plaintiff's Motion to Add Evidence was drafted before plaintiff received the PF&R, as the Motion contains no reference to the PF&R and nothing in the Motion is framed as an objection. However, in order to give plaintiff, acting *pro se*, all the possible process due to her, the court will treat plaintiff's claims within the Motion as objections to the PF&R, where appropriate to do so.

indifference to plaintiff's depression, callouses on her feet, and the chronic pain in her neck, shoulders, hands, wrist, and back.  ECF No. 12.  On February 5, 2019, Defendants' filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, in which they argued that: (1) "Plaintiff failed to exhaust administrative remedies on some of her allegations"; (2) "Plaintiff fails to state a viable First Amendment claim"; (3) "Plaintiff cannot establish an Eighth Amendment violation for deliberate indifference"; (4) "There is not sufficient personal involvement necessary to support Eighth Amendment Bivens liability against supervisory and non-medical Defendants"; (5) "Plaintiff has no right to a furlough"; and (6) "Defendants are entitled to qualified immunity."  ECF No. 95, 96.  Plaintiff filed a response to defendants' motion on February 25, 2019.  ECF No. 98.

On April 26, 2019, Magistrate Judge Aboulhosn submitted his PF&R, in which he found that (1) plaintiff failed to exhaust her administrative remedies except as to her shoulder and neck condition; (2) plaintiff's First Amendment retaliation claim is not cognizable as a Bivens claim; (3) defendants were not deliberately indifferent towards plaintiff; (4) plaintiff's claims against non-medical defendants failed because Bivens does not allow vicarious liability claims; and (5) plaintiff's constitutional rights were not violated by defendant's denial of

her request for a furlough.  ECF No. 102, at 19-25, 25-34, 34-43, 43-46, 46-49.  Plaintiff then filed a Motion to Add Evidence on May 3, 2019, which contained twenty points within a "Memorandum of Points and Authorities."  ECF No. 103.

II. **Standard of Review of *Pro Se* Objections**

Pursuant to Fed. R. Civ. P. 72(b), the Court must "make a *de novo* determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Furthermore, *de novo* review is not required and unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure

to file a specific objection constitutes a waiver of the right to *de novo* review.").

"A document filed *pro se* is 'to be liberally construed.' " Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a *pro se* litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48).

### III. Analysis of Motion to Add Evidence

Even read broadly, plaintiff's Motion to Add Evidence does not introduce any new evidence in the case that could be construed as making an objection to the PF&R by challenging the factual findings of the magistrate.  In her Motion, plaintiff lists twenty "memorand[a] of points and authorities," many of which refer to medical examination reports that were included as exhibits to previous filings.  Instead of offering new evidence as to what occurred in these medical examinations, plaintiff merely repeated certain statements made during those examinations that were already in evidence.  To wit, points 1, 2, 5, 6, 7, 8, 9, 10, 15, 18, and 19 specifically cite to previously filed material as support for the statements made in plaintiff's Motion.  See ECF No. 103.

After reviewing the cited material in each memoranda point, the court determines there is no new evidence contained within the above listed points. The court further concludes that the magistrate judge properly considered in his PF&R the material that plaintiff cites to, as shown by the lengthy procedural history and summary of the evidence sections in the PF&R, which include the facts that plaintiff restates in her Motion. See ECF No. 102, at 1-16. These points therefore contain no factual challenges to the PF&R's findings, and as such do not constitute valid objections that require *de novo* review. See Orpiano, 687 F.2d at 47 (explaining that when "no factual issues are challenged, *de novo* review . . . may be dispensed with") (citing Braxton v. Estelle, 641 F.2d 392 (5th Cir. 1981)).

While points 3, 4, 12, 13, 14, 16, 17, and 20 do not specifically refer to evidence contained in previously filed documents, points 3, 4, 13, 16, and 20 likewise contain no new evidence that was not considered by the magistrate judge in the PF&R.[2]  See ECF No. 103. Therefore, points 3, 4, 13, 16, and 20

---

[2] Points 3, 4, 16, and 20 contain facts entirely reflected in the record. See ECF No. 92, Exh. 2 at 20-23 (point 3); id. at 9 (point 4); id. at 45, 214 (point 16); id. at 24-25, 134, 188, 204 (point 20) (documenting that although plaintiff had an outside doctor advise she wear supportive shoes, there were no abnormalities in plaintiff's ankle/foot/toes that qualified her to have special shoes, and plaintiff was accommodated with shoe inserts and arch supports).

also contain no factual challenges to the PF&R's findings, and do not constitute valid objections that require *de novo* review.

Plaintiff's points 12, 14, and 17 can also be dispensed with. Plaintiff's points 12 and 14 contain medical opinions regarding proper treatment for her chronic pain and the debilitating nature of pain generally; as plaintiff is not a medical expert, her lay opinion is not evidence.[3] Plaintiff's point 17 is factually inaccurate: plaintiff claims she was given no mental health medication, yet the record reflects she made no mental health complaints to any defendants until April 30, 2018,

---

Point 13 states that during a June 7, 2018 medical visit plaintiff told defendants that she was still experiencing pain. The PF&R and plaintiff's medical records do not contain records of a June 7, 2018 visit, but they do detail a May 31, 2018 visit where plaintiff similarly complained of pain, and she and defendant Bailey discussed her treatment plan for her chronic pain. See id. at 8-9. At the May 31 examination, defendant Bailey continued the conservative treatment and encouraged plaintiff to remain active, stretch often, and use warm compresses. Id. at 9. These facts of the May 31 visit, contained in the medical reports and in the PF&R, mirror those facts in plaintiff's point 13 regarding a June 7 visit, and thus point 13 similarly does not contain new evidence.

[3] Moreover, on point 12, there is evidence from medical experts that support defendants' choice of placing plaintiff on a conservative treatment plan to deal with her chronic pain. See ECF No. 92, Exh. 2 at 42-43 (defendant Dr. Wright advising a conservative treatment plan); id. at 213 (plaintiff's outside physician Dr. Chris Karas recommending "conservative measures").

As to point 14, there is also ample evidence that shows defendants appropriately took efforts to decrease plaintiff's pain. See, e.g., id. at 61 (documenting that Dr. Bailey prescribed two pain medications for plaintiff).

at which point she was given Zoloft, a mental health medication. See ECF No. 92, Exh. 2 at 86 (documenting no mental health complaints); id. at 12-14 (given Zoloft prescription after asking for mental health medication). Point 17 also contains a general conclusory statement as to defendants' deliberate indifference, which is not a valid objection. See Orpiano, 687 F.2d at 47-48 (holding that *de novo* review is not required and unnecessary when a party makes general and conclusory objections).

Plaintiff's point 11 contains statements challenging the sufficiency of the medical treatment that defendants gave to plaintiff. Specifically, plaintiff asserts that defendants gave her the "bare minimum treatment" and did not prescribe to her the medications she was taking prior to incarceration, and thus defendants "knew what was need[ed] to relieve her pain" but did not treat her properly. ECF No. 103, at ¶ 11. Liberally construing this claim as an objection to the PF&R's conclusion that "[d]efendants did not act with deliberate indifference in providing medical treatment for [p]laintiff's conditions," see ECF No. 102, at 43, the court will review this claim *de novo*. However, plaintiff has not objected in any form to the PF&R's findings that Bivens claims require the exhaustion of administrative remedies and that plaintiff only fully exhausted her claim of inadequate care involving her shoulder and neck

pain. See id. at 18-25.  Plaintiff has also not objected to the PF&R's findings that Bivens does not impose vicarious liability on supervisory officials and that the non-medical defendants had no personal involvement in plaintiff's claimed Eighth Amendment violations.  See id. at 43-46.  Therefore, the *de novo* review will examine only whether the medical defendants' treatment of plaintiff's shoulder and neck conditions constituted deliberate indifference.

*i.    Medical Defendants Were Not Deliberately Indifferent to Plaintiff's Shoulder and Neck Conditions.*

Under the Eighth Amendment, incarcerated persons are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety."  Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520 (1979).  If an inmate claims that prison officials disregarded specific known risks to their health or safety, these claims are analyzed under the Eighth Amendment's deliberate indifference standard.  See Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) (holding that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety).  To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must

allege (1) a "sufficiently serious" deprivation under an objective standard;[4] and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991). In particular as to this second element, plaintiff must establish that each defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). To meet the subjective standard, plaintiff must allege and establish that each defendant was aware that there was a substantial risk to plaintiff's health or safety and that defendants disregarded the serious physical consequences.

Based upon the record, plaintiff cannot meet the subjective standard required to show deliberate indifference. Every time plaintiff sought a medical examination for shoulder or neck pain, defendants provided her with treatment the same day.[5] The

---

[4] Plaintiff alleges that her condition causes continuous severe pain and suffering. Accordingly, the court will assume for purposes of this review of the PF&R that plaintiff's injuries were serious enough to give rise to an Eighth Amendment claim.

[5] The record reflects that plaintiff complained of neck or shoulder pain on six visits with defendants:

On August 16, 2017, plaintiff complained of neck pain while being evaluated by defendant Bailey. ECF No. 92, Exh. 2 at 93. Plaintiff was approved by RN Ward for a lower bunk pass, id. at 76, and was also seen later that day by defendant Dr. Wright, where plaintiff did not again complain of neck pain. Id. at 78-81.

On October 19, 2017, plaintiff complained of neck pain and requested a new nonsteroidal anti-inflammatory drug ("NSAID") be prescribed instead of ibuprofen. Id. at 59. In response, Bailey prescribed two new pain medications that same day, and advised plaintiff to use Tylenol for cases of "break through pain." Id. at 61.

On December 21, 2017, Wright informed plaintiff that the EMG of plaintiff's neck returned normal, and that while plaintiff occasionally gets pain in her neck, this is a result of a prior surgery and she will have some pain due to that surgery every so often. Id. at 42. Wright then counseled plaintiff that irrespective of the treatment plaintiff received while at home, the best course of treatment was a conservative management technique that called for NSAIDs, using hot and cold compresses, and exercise to strengthen her muscles. Id.

On March 29, 2018, plaintiff asked for a muscle relaxer or Biaxin to deal with severe neck pain and loss of range of motion in her neck. Id. at 20. Bailey noted that plaintiff's work detail supervisor had not heard any complaints from plaintiff, and that plaintiff had no apparent difficulties completing her job duties. Id. at 21. Bailey then continued plaintiff's conservative treatment plan, and educated plaintiff on range of motion exercises, band resistance exercises, and the benefits of gentle stretching and using warm moist compresses. Id. at 22.

On April 12, 2018, plaintiff sought additional medication for neck pain. Id. at 18. Bailey prescribed a new pain medication for plaintiff that same day. Id. at 19.

On May 31, 2018, plaintiff complained of pain in her neck. Id. at 8. Bailey noted that neurologically, plaintiff was within normal limits and could ambulate without difficulty. Id. at 9. In response, Bailey continued the conservative treatment plan, encouraging plaintiff to manage and reduce her pain by remaining active, stretching, using warm compresses, and by avoiding high impact activities. Id.

11

record contains no indications that defendants knew of and disregarded plaintiff's need for medical treatment for her shoulder or neck condition.  While plaintiff may disagree with the course of treatment provided to her, an inmate's disagreement with her medical care or course of treatment provided cannot serve as the basis for a deliberate indifference claim outside exceptional circumstances, which are not present here.  See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a [Bivens or] § 1983 claim unless exceptional circumstances are alleged."); Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977) ("[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment.").

The fact that, prior to her incarceration, plaintiff's "outside" doctors prescribed different medications and/or advised more aggressive courses of treatment than defendants did is not grounds for finding that prison officials were deliberately indifferent.  See Lewis v. Proctor, 2010 WL 148383, at *3 (S.D.W. Va. Jan. 12, 2010) (an inmate's "allegations that one doctor's treatment plan was better than another's . . . do not state a constitutional claim").  Even if defendants' treatment of plaintiff was negligent or amounted to medical malpractice, this also does not provide the grounds for a

deliberate indifference claim. See Wright, 766 F.2d at 849 ("Negligence or malpractice in the provision of medical services does not constitute a [constitutional] claim.").

Therefore, it is evident that plaintiff has not satisfied the subjective standard required to sustain a claim of deliberate indifference, and thus any objection formed in plaintiff's point 11 is **OVERRULED**.

**IV. Conclusion**

Accordingly, the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is **GRANTED**;
2. Plaintiff's Amended Complaint is **DISMISSED**; and
3. The Clerk is directed to remove this case from the court's active docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff.

**IT IS SO ORDERED** this 27th day of September, 2019.

ENTER:

David A. Faber
Senior United States District Judge